UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-23628-CIV-HUCK/O'SULLIVAN

CARLOS AMADOR RIVAS,

    Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a CARNIVAL
CRUISE LINES, INC.,

    Defendant.
_____/

## ORDER ON CERTIFICATION

    This matter is before the Court on Plaintiff's Motion for Certification to Court of Appeals (D.E. # 40), filed April 15, 2010, seeking entry of an order pursuant to 28 U.S.C. § 1292(b) certifying for appeal certain issues decided against Plaintiff in this Court's Order Dismissing Case and Compelling Arbitration (D.E. # 38). For the following reasons, the motion is granted in part and denied in part.

    Plaintiff initiated suit in state court alleging Jones Act negligence, unseaworthiness, failure to treat / inadequate medical care, failure to provide entire maintenance and cure, retaliation for hiring a lawyer and intentional infliction of emotional distress, all arising from an on-ship injury. Defendant removed the matter to this Court, alleging that the Court possessed subject matter jurisdiction because the Seafarer's Agreement of Employment–which governed the commercial legal relationship between the parties–constituted an arbitration agreement under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The parties did not dispute that the Employment Agreement contained a clause purporting to require arbitration of the Plaintiff's cause of action. Instead, the dispute concerned conscionability of the arbitration clause and arbitrability of the Jones Act claim. Plaintiff complained that the arbitration clause (1) compelled application of Panamanian law to its Jones Act claim despite the fact that Panama does not recognize a reasonably equivalent form of relief, (2) purported to preclude discovery, and (3) required cost-prohibitive proceedings. In its Order Compelling Arbitration, the Court first noted

that "the possibility that a generally-crafted arbitration clause might compel application of foreign law which does not recognize a particular form of relief" does not render "the entire arbitration clause unenforceable in all respects." Next, the Court dismissed and compelled arbitration of the matter after the Defendant agreed to (1) application of U.S. law to the Jones Act claim, (2) bear the costs of arbitration, and (3) submit to exchange of information in accordance with the Rules of the International Centre for Dispute Resolution.

Appeal of a non-final order may be permitted when the district court certifies that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eleventh Circuit has warned that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). "Section 1292(b) appeals are inappropriate where there is a substantial ground for difference of opinion regarding only the facts or the application of controlling law to the facts of the case." *Endurance American Specialty Ins. Co. v. Brown, Miclette & Britt, Inc.*, No. H-09-2307 (NFA), 2010 WL 816710, *1 (S.D. Tex. March 4, 2010) (internal quotations omitted). Plaintiff seeks certification of the following questions, and the Court analyzes them in turn:

(I) Whether Carnival's selective waiver of various provisions of its employment agreement can save it from invalidity, because (regardless of the severance clause in the agreement), severance is inappropriate when the entire provision represents an integrated scheme to contravene public policy. The Court certifies this question.

(II) Whether the entire arbitration agreement should be declared null and void where a portion is unenforceable.

*Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009) declared an entire arbitration clause null and void because the only claim subject to arbitration was a statutory cause of action that was without reasonable equivalent under the substantive law applicable within the arbitration. This Court believes that *Thomas* did not address, and does not fully apply, to instances in which a party has also lodged non-statutory claims for which there exist reasonable equivalents within applicable

law.  The latter scenario, presented in this matter, led the Court to nullify the arbitration provision only insofar as it would bar statutory relief, and compelled arbitration (thus finding the provision viable) as to the non-statutory claims.  The Court recognizes disagreement on this issue.  *See Sivanandi v. NCL (Bahamas) Ltd.*, No. 10-20296-CIV-UNGARO (S.D. Fla. April 15, 2010) (unpublished opinion) (refusing to compel arbitration of entire case–including non-statutory claims–where there was no reasonable equivalent to statutory claim).  Thus, the dispute centers on whether an arbitration agreement's potential unenforceability–for public policy reasons–as to one claim renders the entire provision null as to all claims.  The Court certifies this question.

(II-A) Assuming *arguendo* that an arbitration agreement's unenforceability as to a U.S. statutory claim does not render null the arbitration provision's applicability to non-statutory claims for which there exist reasonable equivalents, an additional important question remains regarding a party's ability to stipulate away public policy problems, and thus the Court adds another issue for certification despite Plaintiff's failure to specifically so request.  In compelling arbitration of the Jones Act claim, the Court relied on Defendant's stipulation to application of U.S. law within the arbitration as to that claim.  However, *Thomas* held that arbitration clauses should be upheld with regard to unique U.S. statutory causes of action only "if it is evident that either U.S. law definitely will be applied or if there is a possibility that it might apply *and* there will be later review [by a U.S. court]."  *Thomas*, 573 F.3d at 1123.  On the facts of *Thomas*, it is not clear precisely what would count as evidence that "U.S. law definitely will be applied," or at what point in time such evidence must appear (at the time the contract was signed?  At the time the matter is litigated?).  In particular, can a party's post-contractual stipulation to applicability of such law–in the face of inconsistent contractual language–satisfy this requirement, and save the provision, as applied, from unenforceability?

(III) Whether a 2008 amendment removing the venue provision of the Jones Act, rendering applicable the venue provision of the Federal Employer's Liability Act, 45 U.S.C. § 56, supersedes any application of the Convention to a seaman's claim.

Numerous courts within this District have reasonably rejected this very claim.  *See Sivanandi*, at 4-5 ("Plaintiff asserts that his Jones Act claim cannot be removed as a matter of law, relying on the 2006 and 2008 amendments to the Jones Act.  As this Court has held several times

since the recent amendments of the Jones Act, removal of the Jones Act negligence claims to enforce arbitration agreements is proper pursuant to the Convention."); *Hodgson v. Royal Caribbean Cruises*, *Ltd.*, --- F. Supp. 2d ----, 2009 WL 6364071, **9-11 (S.D. Fla. 2009) ("The repeal of the venue provision is no reason to conclude that Congress has intended to exempt the Jones Act where the Convention applies"); *Vesuna v. C.S.C.S. Intern., N.V.*, No. 09-20286-CIV-SEITZ, 2009 WL 4543319, *1 (S.D. Fla. Nov. 30, 2009) (see paragraph titled "The 2008 Amendments to the Jones Act Do Not Change Existing Law") (emphasis removed).  The Court will not certify this question because there does not appear to be "substantial ground for difference of opinion."

(IV) It is not entirely clear what fourth question Plaintiff wishes to certify.  The Court interprets this portion of the Motion to request certification of the following question: does the presence of unequal bargaining power render unenforceable the agreement to arbitrate?  The Court did not rule on this issue, as there was no relevant evidence developed in the record.  In the absence of such a record, the Eleventh Circuit is not in a position to opine on this matter, and thus the Court will not certify this question.

Accordingly, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part.  Questions shall be certified to the Court of Appeals as discussed above.

DONE and ORDERED in Chambers, Miami, Florida, May 3, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record